ENRIQUE IRIZARRY, ALFREDO and CONSUELO ESCALONA, Plaintiffs and Appellants, *v.* LUIS O. IRIZARRY, Defendant and Appellee.

No. R-68-245. Decided February 18, 1970.

*Edelmiro Salas García* and *Aurelio Roque Delgado* for appellants. *Francisco Torres Aguiar* for appellee.

### JUDGMENT

The determination of the trial court to the effect that after her mother's death, the girl Consuelo de los Angeles Irizarry, 13 years old when the judgment in this case was rendered, should continue under the custody of her stepfather, appellee, Dr. Luis Oscar Irizarry, with whom she has lived since the age of 4 years, instead of going to the home of her appellant maternal grandparents, is questioned in this case.

Appellants assign that the trial court erred (1) in the weighing of the evidence; (2) in refusing to admit evidence about what occurred during appellee's first marriage; (3) in attributing to appellants' grandchildren different filiation thus depriving them of the right to inherit from their grandmother; (4) in consolidating another case with the one at bar in its judgment; (5) in imposing on appellants the payment of attorney's fees.

Said determination should be affirmed on the grounds recited by the trial court, to wit:

Appellee has taken care of said girl as a real father since the girl was four years old and the boy, the girl's elder brother, five when the former married their mother, until said mother died. The trial court determined that appellee "has provided them within his means of all necessities; has watched always for their greatest security and best welfare; has given them the greatest personal attention, with the help of his housekeeper, Ramona Colón Rivera, and of other members of the family. Since her mother died the girl Consuelo de los Angeles has lived happily with Dr. Luis O. Irizarry and has expressed a firm will to continue living in this manner. The court is convinced that this situation promotes the welfare of the girl." *N.N.N.* v. *N.N.N.*, 95 P.R.R. 282 (1967).

Appellee has sufficient economic solvency for the adequate attention and education of said girl.

The happiness and security of both minors are best guaranteed if each continues living where they have been living for more than a year, the girl with appellee and the boy with appellants.

The trial court stated that "In the case at bar we are faced with a situation that entails dividing the custody of the minors between different parties, when the usual thing would be that those minors, at least during their minority would live under the same roof. However, we must recognize that although it is true that a divided custody does not constitute the greatest good, in this case it is a necessary compromise because it is the only thing that results less burdensome for those minors. The circumstances with which we are faced being exceptional, the general policy against divided custody should yield in furtherance of the welfare of the minors, especially when children 13 and 14 years old are involved, intelligent children and with uncommon maturity for

their age and who shall live a short distance from each other, which will allow them to meet frequently. A divided custody has been approved by the majority of the courts when such division is consistent with the welfare of the minors."

The following three assignments are not meritorious.

As to the fifth assignment, after examining the record, we conclude that obstinacy on appellants' part did not exist to justify the imposition of attorney's fees. Therefore, the said imposition of attorney's fees is eliminated from the judgment rendered in this case by the Superior Court, San Juan Part, on August 26, 1968. Thus modified it is affirmed.

It was so decreed and ordered by the Court and certified by the Clerk. Mr. Chief Justice, Mr. Justice Pérez Pimentel, and Mr. Justice Dávila did not participate herein. Mr. Justice Santana Becerra dissented.

(s) JOAQUÍN BERRÍOS

*Clerk*

—O—

MR. JUSTICE SANTANA BECERRA, dissenting.

San Juan, Puerto Rico, February 18, 1970

This is a case within the sphere of family relations which calls for serious consideration.

The trial court denied the custody of a minor to a grandfather who lives with his wife in a marriage which has lasted for more than forty-five years and who, pursuant to § 178 of the Civil Code, is in the first position to exercise the tutorship of the said minor who was 13 years old at the time the judgment was rendered and who lived at the home of her grandfather for the first four years of her life and with whom she afterwards continued having a close family relation, and left said custody in the hands of the widower of his deceased daughter, mother of the minor, with the additional

consequence that with the judgment appealed from and it was thus expressly provided in the same, the shared daily life of the minor and her only other brother, aged 14, is broken upon living in separate homes under different custodies.

Considering all the circumstances of the case, and irrespective of the scope which the statement of a minor concerning her preference of a certain custody or home, factor which in my opinion was the decisive one for the judgment rendered might have at law, I dissent from the affirmance of the judgment because the evidence in the record about the girl's preference and her motivations to prefer a home, among them some which suggest certain guilt on the part of the grandparents for the death by suicide of the mother, is not sufficiently trustworthy to me, in the light of all the circumstances involved and the attitude of clear hostility against the grandparents' home of the witnesses who produced said evidence. The minor did not testify at the trial.